UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

SPENCER MASCHEK,

                Plaintiff,

    v.

PHILIP VALDEZ, et al.,

                Defendants.

Case No. 3:11-cv-00369-EJL-LMB

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

       On March 6, 2013, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation and Order (the "Report") in this matter. (Dkt. 31.) The Report recommends that the Defendants' Motion to Dismiss be granted and Plaintiff's Complaint be dismissed without prejudice. (Dkt. 31.) The Report stated that pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, the parties had until March 21, 2013 in which to file written objections to the Report. No objections were filed by the parties and the time for doing so has passed.

**ORDER**                        1

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report. The Court has, however, reviewed the Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

Plaintiff raises various § 1983 claims against the Defendants regarding the conditions of his confinement at the Idaho Correctional Center ("ICC"). (Dkt. 3.) Attached to the Complaint are several Concern Forms the Plaintiff submitted while at ICC reporting an assault and theft upon him, a request for clean clothes, and requests to be moved. (Dkt. 3.) Plaintiff alleges the Defendants were deliberately indifferent to his health and safety, primarily, by failing to respond to these reports and otherwise properly protect him in violation of his constitutional rights. Defendants brought this Motion to Dismiss pursuant to Rule 12(b) alleging the Plaintiff failed to exhaust his administrative remedies. (Dkt. 20.) "In deciding such a motion—which is considered an unenumerated Rule 12(b) motion—'the court may look beyond the pleadings'" and decide disputed issues of fact. *Akhtar v. Mesa*, 698 F.3d 1202, 1209-10 (9th Cir. 2012) (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)).

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Akhtar*, 698 F.3d at 1210 (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a) (2008)). "The failure to exhaust administrative remedies is an affirmative defense on which the defendant bears the burden of proof." *Id.* (citing *Wyatt*, 315 F.3d at 1119). Because "there can be no absence of exhaustion unless some relief remains available, a defendant must demonstrate that pertinent relief remain[s] available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Id.* (quoting *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir. 2005) (internal quotation marks omitted)).

The Report concluded that Plaintiff had failed to exhaust his administrative remedies because he had not complete the ICC's grievance procedures. Specifically, the Report found that Plaintiff had not pursued further administrative relief on the Concern Forms he had filed, which are in the record, and that there is no record that Plaintiff had filed an Emergency Grievance as he now alleges. (Dkt. 31.) This Court's own review of the record in this case finds no clear error on the face of the record in the Magistrate Judge's conclusion. The Plaintiff filed numerous Concern Forms none of which were followed up on or administratively exhausted as provided for in ICC's procedures. The only factual issues that appear to be in dispute are as to the existence of 1) a six-page letter the Plaintiff contends he

sent to the Warden and 2) an Emergency Grievance form the Plaintiff claims he filed on October 30, 2009.

There is no evidence in the record to support the Plaintiff's argument that these two documents exist. The Declaration of the Grievance Coordinator, Margaret Purcell, states that there is no record that the Plaintiff ever filed a timely Emergency Grievance form related to the claims raised in this case between October 27, 2009 and January 31, 2010. (Dkt. 20-2 at ¶ 32.) The Defendants' point out that the Plaintiff has not produced a copy of either document. (Dkt. 20 at p. 8 and Dkt. 24 at p. 4-6.) Furthermore, Defendants argue the fact that the Plaintiff filed numerous Concern Forms shows that he knew how to bring complaints to the attention of the prison staff, the procedures for doing so, and that he should retain a copy of the completed forms for his own records. (Dkt. 24 at 7.)

Plaintiff disputes that he could have made a copy of the letter or retained a copy of the Emergency Grievance. (Dkt. 23, 25.)[1] However, the Declaration of the Grievance Coordinator rebuts the Plaintiff's claims noting the Emergency Grievance forms are set up the same way as the Concern Forms and, therefore, the Plaintiff could have retained a copy of the Emergency Grievance in the same fashion as he did with the Consent Forms which are

---

[1] Following the Defendant's reply brief begin filed, the Plaintiff filed a second response brief to the Motion to Dismiss. (Dkt. 25.) Defendants have objected to the Plaintiff's second response and ask if the Court is going to consider the same that they be given an opportunity to file a response. (Dkt. 26.) The Plaintiff asks that the Court allow and consider his second response brief as an amendment to his response. (Dkt. 27.) Given the Plaintiff's *pro se* status, the Court finds it appropriate to consider the Plaintiff's second response brief. *See Akhtar*, 698 F.3d at 1212. Although the Defendants have asked for leave to respond to the same, the Court finds the arguments in the second response brief were raised in his first response and have been addressed in the Defendant's other filings on the Motion. (Dkt. 23 at 5-7.) As such, no further briefing from the Defendants is needed.

**ORDER**                                    5

in the record. (Dkt. 20-2 at ¶ 32.) As to the letter, the Plaintiff does not dispute the Defendants' argument that the letter does not constitute proper exhaustion. (Dkt. 24 at 4.) It is notable too that the Plaintiff does not refer to the letter or the Emergency Grievance in any of the Concern Forms that were filed and are in the record.[2] Based on the foregoing, this Court agrees with the conclusion of the Report that the Defendants have established that the Plaintiff failed to exhaust his administrative remedies in this case.

In so concluding, the Court is mindful that it has "an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar*, 698 F.3d at 1212 (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (*en banc*)). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citation omitted). In this case, the Court finds that it is clear that the Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. *Akhtar*, 698 F.3d at 1210; 42 U.S.C. § 1997e(a) (2008). Accordingly, the Court will adopt the recommendation of the Report and grant the Motion to Dismiss.

---

[2] The Plaintiff did file a Concern Form on January 20, 2010, after he was transferred from ICC, that stated he had filed numerous "grievances" and that he feels he has "exhausted administrative resolutions [sic] being assaulted." (Dkt. 3-1 and Dkt. 20-2 at ¶ 31.) This Concern Form, however, is outside of the Idaho Department of Correction's policy's thirty-day time requirement for filing a grievance. (Dkt. 20, Ex. B at p. 5.) Further, the vague reference to "grievances" having been filed does not go to show the Plaintiff had filed anything other than the Concern Forms that are in this record; let alone sent any letter or filed an Emergency Grievance as Plaintiff now alleges.

**ORDER**        6

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 31) is **ADOPTED AND INCORPORATED HEREIN**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt. 20) is **GRANTED** and the remaining Motions (Dkt. 17, 18, 19, and 28) are **MOOT**.

DATED: **March 28, 2013**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER**                                        7